**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| RODNEY BARNARD ARMOUR, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 1:05-CV-295-TLS |
| v. | ) | |
| | ) | |
| JAMES HERMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Rodney Barnard Armour, Sr., a *pro se* prisoner, submitted a complaint under 42 U.S.C. §

1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and

dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule

of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint,

for failure to state a claim upon which relief can be granted. Courts apply the same standard under

§ 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir.

2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove
> no set of facts in support of his claim which would entitle him to relief.  Allegations
> of a pro se complaint are held to less stringent standards than formal pleadings
> drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court
> requires only two elements:  First, the plaintiff must allege that some person has
> deprived him of a federal right.  Second, he must allege that the person who has
> deprived him of the right acted under color of state law.  These elements may be put
> forth in a short and plain statement of the claim showing that the pleader is entitled
> to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss,
> no more is required from plaintiff's allegations of intent than what would satisfy Rule
> 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be
> pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Armour alleges that as a pre-trial detainee he has been denied medical treatment. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373. Mr. Armour alleges that he has back pain, blood pressure problems, and broken veins for which he had been prescribed daily aspirin. Giving Mr. Armour the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, these allegations constitute serious medical needs.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Mr. Armour alleges that two different nurses on two different occasions refused to take his blood pressure when he requested, even though on a previous occasion his blood pressure had been checked and he was given medication. He alleges that his daily aspirin therapy was not continued and that his back pain was not treated even though he explained these conditions to the head nurse. He alleges that the nurses did not call his personal physician and that medication they gave him made him sick.

Mr. Armour disagreed with the nurses, but "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care. [He] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Mr. Armour is a prisoner; he may not expect that a nurse will take his blood pressure on demand. Mr. Armour states that medical treatment should not be delayed when an inmate needs immediate medical attention. Though true, the facts alleged by Mr. Armour do not demonstrate that he was ever in need of emergency medical attention. Rather the facts alleged

3

appear to demonstrate that he suffers from several chronic conditions which were addressed differently by the jail nurses than they had been by his own doctor. This does not state a claim. Additionally, he does not allege, and based on this complaint it would not be reasonable to infer, that he suffered any injury from the discontinuation of his aspirin therapy or from being refused an immediate check of his blood pressure. To prevail in a medical case, a plaintiff must demonstrate actual injury caused by the defendant's actions or omissions. *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000).

Even if the nurses' evaluations were unreasonable, even if they were committing malpractice, this would not state a claim under § 1983. Mr. Armour was seen and evaluated by the head nurse. She decided to discontinue the aspirin therapy and to leave untreated the back problems while providing treatment for blood pressure and providing him with medication which ultimately made him sick. Perhaps that nurse was wrong; but even malpractice does not constitute deliberate indifference, which requires the total disregard for a prisoner's safety: the functional equivalent of wanting harm to come to the prisoner. The Eighth Amendment does not require medical success nor even reasonable treatment; it merely prohibits wanting harm to come to a prisoner. Though his treatment may have been substandard, unreasonable, negligent, or an act of medical malpractice, the facts alleged by Mr. Armour do not state a federal constitutional claim.

Mr. Armour demands that the Sheriff should reconstruct the nursing department.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

4

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Therefore this does not state a claim.

Additionally, Mr. Armour alleges that some of his personal belongings were taken and destroyed. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law", but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Ind. Code § 34-13-3-1 *et seq*.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") Therefore, even though Mr. Armour may have a state tort claim, he does not have a federal constitutional claim.

Finally, Mr. Armour alleges that opening the box containing his personal belongings without him present violated his privacy rights. Mr. Armour is a prisoner and "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson*, 468 U.S. at 526.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on November 4, 2005.

/s/ Theresa Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

6